UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNIE SAM individually and on behalf
of her minor daughter M.S.,

    Plaintiffs,

v.

STATE OF MICHIGAN, JENNIFER
GRANHOLM, MARIANNE UDOW,
DAVID JOSEPH, DONNA LEHMAN, and
BRIDGES ASSESSMENT CENTER, INC.,

    Defendants.
    _____/

Case No. 08-14787

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on April 30, 2009.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Jeannie Sam ("Sam") and her thirteen-year old daughter, M.S. (collectively "plaintiffs"), instituted this action on November 14, 2008, alleging discrimination under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Plaintiffs name six defendants responsible for the alleged discrimination: the State of Michigan, Michigan's Governor Jennifer Granholm, former Director of the Michigan Department of Human Services ("DHS") Marianne Udow, and DHS employee Donna Lehman

(collectively "State Defendants"); Macomb County Circuit Court Juvenile Probation Officer David Joseph ("Joseph"); and Bridges Assessment Center, Inc. ("Bridges"). The State Defendants, Joseph, and Bridges filed motions to dismiss in late January and early February 2009. On April 22, 2009, however, plaintiffs filed a Motion for Dismissal without Prejudice because they have exhausted their financial resources and cannot afford to continue litigating this case. The State Defendants oppose plaintiffs' motion and request that the Court dismiss the case with prejudice on the grounds presented in their motion to dismiss. The State Defendants also request an award of costs and fees associated with defending the action.

Because there are outstanding motions and because the State Defendants refuse to stipulate to dismissal without prejudice, this case can only be dismissed without prejudice on court order. Fed. R. Civ. P. 41(a)(2). The Federal Rules of Civil Procedure provide that any such dismissal may be made "on terms that the court considers proper." *Id.* The rules additionally provide that:

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

Although the various defendants have expended some resources in defending this action, the Court does not believe that a dismissal with prejudice or an award of costs and fees is necessary or appropriate at this time. Nonetheless, the Court recognizes the

potential injustice to the defendants should plaintiffs be allowed to refile this case at their convenience. Therefore, the Court will conditionally grant plaintiffs' Motion for Dismissal without Prejudice.

If Sam or someone else on behalf of M.S. intends to refile this action, such party shall notify the Court and counsel for the various defendants of that party's intent to refile. The Court will then make a determination as to the appropriate amount of costs that plaintiffs shall pay to the defendants prior to refiling this action. If a complaint is filed without complying with the provisions of this Order, such a complaint shall be subject to dismissal.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Timothy Barkovic, Esq.
Joshua S. Smith, Esq.
B.J. Belcoure, Esq.
Carolyn Pollock Cary, Esq.